UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEFFREY PROVENZANO, THOMAS BENJAMIN
and MONICA AGOSTO, on behalf of themselves
and all other similarly situated,

                Plaintiffs,              1:07-CV-00746
                                        (LEK/RFT)

     -against-


THE THOMSON CORPORATION and WEST,
PUBLISHING CORPORATION d/b/a BAR/BRI,

                Defendants.

---

## DECISION AND ORDER

Plaintiffs Jeffrey Provenzano, Thomas Benjamin, and Monica Agosto (collectively,

"Plaintiffs") bring this action under Section 349 of New York General Business Law and the common

law of fraud against the Thomson Corporation and West Publishing Corporation, the owners and

producers of the BAR/BRI bar review course ("Defendants").  Defendants have moved to dismiss

Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for

failure to state a claim on which relief can be granted.  Motion to Dismiss (Dkt. No. 5, Attach. 7) at 1.

Defendants raise a number of challenges to the sufficiency of the Amended Complaint, arguing

primarily that Plaintiffs have failed to plead any specific deceptive acts by Defendants that misled

them, and that Plaintiffs have not alleged that any representations by Defendants caused them injury.

Id. at 5, 19.  For the following reasons, Defendants' Motion to dismiss the Amended Complaint

pursuant to Rule 12(b)(6) is granted.

---

## I.  BACKGROUND

Plaintiffs are three former Albany Law School Students who purchased Defendants'

"BAR/BRI" New York bar review products in 2005 and 2006.  Amended Complaint (Dkt. No. 1,

Attach. 3) at ¶ 1.  Plaintiffs allege that Defendants engaged in deceptive trade practices and

fraudulent conduct in violation of Section 349 of the New York Business Law.  Amended Complaint

(Dkt. No. 1, Attach. 3) at ¶ 1.  Plaintiffs further allege common law fraud.  Id. at ¶ 44.

Plaintiffs claim that several months prior to entering their first years of law school, and

throughout their three years in law school, they and other similarly situated New York law students[1]

were "barraged, bombarded and solicited" by Defendants through various forms of advertisements.[2]

Id. at 7-9.  Plaintiffs allege that these advertisements targeted law students who were "highly

impressionable and concerned with passing the New York state bar examination."  Id. at 10.

Plaintiffs claim that Defendants' advertisements and advertising methods "falsely and deceptively

convey[ed] the mantra that a person graduating from a New York law school must purchase a

BAR/BRI bar review course in order to have any chance of passing the New York State bar

examination."  Id. at ¶¶ 11-21A.

Plaintiffs reference various statements made on the BAR/BRI website as evidence of

---

[1] Plaintiffs seek to sue on behalf of themselves and all others similarly situated.  No class certification has yet been granted under CPLR Article 9, so it is unnecessary to discuss class action certification within this decision. Class action certification is not warranted here because a class cannot be properly certified solely on the basis of pleadings containing general, conclusory allegations.  See Hoerger v. Bd. of Educ., 471 N.Y.S.2d 139, 144 (2d Dep't 1983) ("the party seeking class action certification must still show that all prerequisites set forth in CPLR (subd. a, pars. 1-5) have been met.").

[2] Among the forms of advertisement described by Plaintiffs include 1) Defendants distributing BAR/BRI pamphlets throughout the various New York law schools by student representatives hired by BAR/BRI, 2) placing these pamphlets in student "mailboxes", 3) hanging BAR/BRI posters in schools, 4) placing advertisements in school newspapers and magazines, 5) conducting BAR/BRI information sessions where food and beverages are served and 5) maintaining a public website which is advertised at various New York law schools.  Amended Complaint (Dkt. No. 1, Attach. 3) at ¶¶ 12-20.

Defendants' deceptive and misleading advertising.  Plaintiffs allege that the website statements are

fraudulent because Defendants' advertisements implied that students "must" use BAR/BRI products

to pass the bar exam,[3] that "only" BAR/BRI professors are equipped to teach bar exam material,[4] and

that Defendants' advertisements intentionally omitted material facts.[5]   Amended Complaint (Dkt.

No. 1, Attach. 3) at ¶¶ 27-33.

 Plaintiffs claim to be injured by Defendants' allegedly deceptive practices because it led them

to purchase BAR/BRI bar review products at "artificially inflated prices," and because they were

"forced" to purchase "unneeded" BAR/BRI  products.  Id. at ¶ 35.  Plaintiffs claim economic injury in

the amount of an overcharge of $1,000 per Plaintiff (and purported class member) who purchased the

full BAR/BRI New York bar review course and additional materials.  Id. at ¶ 42.

———

[3] Plaintiffs cite Defendants' website discussion of why a law student would need a bar review course.  The answer reads:  "The bar exam is different from law school.  It is nearly impossible to accumulate the necessary materials, prepare a 2 month study plan and discipline yourself to pass the bar exam without a review course. Additionally, most law students could not take all topics tested on their state's bar exam in law school.  Even if you studied a bar topic in law school, it is generally taught from a different perspective than how it is tested on the bar exam.  Enrolling in BAR/BRI provides the experience and expertise of bar exam professionals."   Amended Complaint (Dkt. No. 1, Attach. 3) at ¶ 27.  Plaintiffs also cite a message from Richard J. Convisor, the Founder and Chairman of BAR/BRI, which reads:  "And of course, when you are ready to tackle the ultimate final exam, your bar exam, BAR/BRI will be there for you with the nation's most experienced, most personalized, and must up-to-date bar review course.  Only BAR/BRI combines comprehensive, yet concise outlines, dynamic law school professors, and the most complete Multistage [sic] and Essay Testing programs to give you the best chance of passing your bar exam **the first time**."  Id. at ¶ 33 (emphasis in original).

[4] The statements about the faculty include "BAR/BRI has a national and regional faculty of bar exam specialists.  They are experts in teaching for this unique exam and they know how their subjects are tested on the bar. Many of these experts have been teaching for BAR/BRI for more than 30 years."  Amended Complaint (Dkt.  No.  1, Attach.  3) at ¶ 32.

[5] The two alleged material facts omitted are that 1) a guaranteed number of persons attempting the New York State bar examination will fail the exam and that "no BAR/BRI product can alter this fact," and 2) there was a failure to disclose the availability of other comparable bar review courses and products offered to New York state law students.  Id. at ¶ 25.

## II.  STANDARD OF REVIEW

———Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a

claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  Thus, "[t]o survive dismissal, the

plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient

'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493

F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)

("Twombly").   "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal

feasibility of the complaint, not to assay the weight of the evidence which might be offered in support

thereof." AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003)

(internal quotation marks and citation omitted).  Additionally, in reviewing a motion to dismiss, a

court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in

[the plaintiff's] favor." Fowlkes v. Adamec, 432 F.3d 90, 95 (2d Cir. 2005) (internal citations

omitted).

## III.   DISCUSSION

### A.  Plaintiffs Fail to State a Claim Under New York General Business Law § 349

New York General Business Law § 349 is a broad consumer protection measure which makes

it unlawful for any business to use "[d]eceptive acts or practices in . . .  the furnishing of any service

in this state." N.Y. GEN. BUS. § 349.   Section 349(h) was added in 1980, giving private citizens a

right of action for deceptive trade practices.  1980 N.Y. Laws c. 346 § 1.  Using this law, citizens can

enjoin an unlawful business practice and/or recover actual damages. Stutman v. Chem. Bank, 95

N.Y.2d 24, 28 (2000).  To bring a successful action under § 349, a plaintiff must prove three

elements: 1)  "that the challenged act or practice was consumer-oriented," 2) "that it was misleading

in a material way", and 3), "that the plaintiff suffered injury as a result of the deceptive act." Id. at

29.  Whether a representation or an omission, the deceptive practice must be deceptive according to

an objective definition.  It must be "likely to mislead a reasonable consumer acting reasonably under

the circumstances.  Such a test . . . may be determined as a matter of law or fact." Oswego Laborers'

Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 26 (1995) ("Oswego").

  1.  Consumer Oriented

  To prove his or her case, a plaintiff must first demonstrate that the § 349 claim implicates

"consumer oriented" conduct by the defendant.  Gaidon v. Guardian Life Ins. Co., 94 N.Y.2d 330,

334 (1999).  Under New York law, a deceptive act or practice that has a broad impact on consumers

at large or that "potentially affect[s] similarly situated consumers" meets this threshold requirement.

Shapiro v.  Berkshire Life Ins. Co., 212 F.3d 121 (2d Cir.  2000); Oswego, 85 N.Y.2d at 26.   Private

contract disputes unique to the parties are not considered consumer oriented behavior under § 349.

Lava Trading, Inc. v. Hartford Fire Ins., 326 F.Supp. 2d 434 (S.D.N.Y 2004).  There must be a

consumer injury or harm to the public interest;  "[t]he critical question . . . is whether the matter

affects the public interest in New York, not whether the suit is brought by a consumer or a

competitor." Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 264 (2d Cir. 1995).

  Plaintiffs have satisfied this initial requirement.  Plaintiffs were consumers of a product sold

and marketed within the State of New York and they claim the same non-unique injury that does not

involve a private contract dispute.  If accepted as true, their alleged injuries would affect the public

interest at large.

2.  Materially Misleading

Courts have adopted an objective definition of deceptive acts and practices under § 349. Alleged representations and omissions are limited to those where a "reasonable consumer would have been misled by the defendant's conduct." Champion Home Builders Co. v. ADT Sec. Servs., Inc., 179 F.Supp.2d 16, 27 (N.D.N.Y. 2001) (Hurd, D.J.). The objectively misleading nature of a representation must be determined as to each plaintiff in light of his or her circumstances. Solomon v. Bell Atl. Corp., 777 N.Y.S.2d 50, 54 (1st Dep't 2004). Both parties have thus agreed that the objective standard in this case is to be judged through the consciousness of a reasonable third year law student. Motion to Dismiss (Dkt. No. 5, Attach. 7) at 8-9; Opposition to Motion to Dismiss (Dkt. No. 7, Attach. 1) at 7.

Even accepting the facts alleged in the Amended Complaint as true and construing all reasonable inferences in Plaintiffs' favor, Plaintiffs' § 349 argument still must fail as a matter of law. Plaintiffs' pleadings are insufficient. A pleader must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."[6] Igbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). Plaintiffs' claim does not meet the plausibility standard because no conduct alleged is deceptive as a matter of law. See Conboy v. AT&T Corp., 241 F.3d 242, 258 (2d Cir. 1996); Andre Strishak & Assocs. v. Hewlett Packard Co., 300 A.D.2d 608, 609-610 (2d Dep't 2002) (granting motion to dismiss because the complaint failed to properly allege an act or practice that was misleading in a material respect).

---

[6] This Court recognizes that the pleading requirement is governed by Rule 8(a)(2) of the Federal Rules of Civil Procedure which minimally requires a "short and plain statement of the claim showing that the pleader is entitled to relief." However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 127 S.Ct. at 1965 n.3 (2007).

Plaintiffs' Amended Complaint details the extensive and various advertising methods employed by

Defendants and describes these advertising methods as "bombarding" and "barraging" law students

across New York law schools.  Amended Complaint (Dkt. No. 1, Attach. 3) at ¶¶ 11-21A.   However,

the alleged methods cannot be characterized as misleading no matter how extensive Defendants'

marketing methods were.

        Like Defendants' methods of marketing, the actual statements made by Defendants through

their various marketing efforts do not meet the objective standard of "misleading."   Plaintiffs

specifically refer to various statements that were made on the "Frequently Asked Questions" section

of the Defendants' website.  Amended Complaint (Dkt. No. 1, Attach. 3) at ¶ 27-33.  First, Plaintiffs'

describe Defendants' response to the question  "Why do I need a bar review course?"[7] as deceptive.

Objectively, a reasonable third year law student would not have been misled by Defendants' response.

Defendants' materials claimed that it would be "nearly impossible" for a test-taker to accumulate the

necessary materials and be disciplined enough to prepare an individual two month study plan, and

that most New York test-takers could not have studied in law school all topics tested on the bar exam.

Additionally, it stated that topics taught in law school are generally taught from a different

perspective, and that BAR/BRI provides the "experience and expertise of bar exam professionals."

Amended Complaint (Dkt. No. 1, Attach. 3)  at ¶¶ 27-28 .

        These examples do not demonstrate as Plaintiffs suggests that Defendants claimed to be

"indispensable" to a student hoping to pass the bar exam.  Amended Complaint (Dkt. No. 1, Attach.

3) at ¶ 28.  Read objectively, through the lenses of a reasonable third year law student, this statement

---

[7] See supra note 3.

does not support the inference that the course is absolutely necessary.   Reasonable minds can differ

concerning whether a bar review course is necessary after law school but there is nothing false or

misleading about what is said in this paragraph.  At best, Defendants' answer to the question of why

one would need a bar review course is non-actionable puffing under § 349.  "[A]dvertising carries

with it a certain latitude.  Puffery, bragging and a degree of exaggeration are not unexpected, and

generally, courts will not interfere with a company's marketing strategy."  Garden Way Inc. v. Home

Depot Inc., 94 F.Supp.2d 276, 278 (N.D.N.Y. 2000) (Kahn, D.J.).

        Similarly, Defendants' response to the question of who teaches the BAR/BRI classes and

their description of the faculty are not misleading in a material way under § 349.  Plaintiffs claim that

Defendants' description of its faculty is misleading because New York law school professors are

more than capable of preparing their students for the bar exam.   Amended Complaint (Dkt.  No.  1,

Attach.  3) at ¶ 32.  However, it is immaterial whether or not Plaintiffs' assertion about New York

law professors is true.  Defendants nowhere claim that its faculty was superior to New York law

school professors, nor make any comparisons to New York law school professors.  Defendants'

material simply touts its own professors as being skilled and helpful and Plaintiffs have not asserted

that Defendants' faculty does not possess these qualities. Accordingly, these statements are not

misleading for the purposes of § 349.

        Next, the message on the website from BAR/BRI's founder, Richard Convisor, is not

objectively misleading in a material way.  This statement is certainly a self-serving endorsement of

BAR/BRI's products and services, but cannot be characterized as deceptive.  The statement does not

claim that test takers will pass the bar exam the first time, bur rather says that BAR/BRI gives the

test-taker  "the best chance of passing [the] bar the first time."  Amended Complaint (Dkt. No. 1,

Attach. 3) at ¶ 34 (emphasis added). The "sort of subjective claim[] of product quality at issue here

[is] nonactionable." Cytyc Corp. v. Neuromedical Systems, Inc., 12 F.Supp.2d 296, 301 (S.D.N.Y.

1998). "A general claim of superiority over comparable products that is so vague that it can be

understood as nothing more than a mere expression of opinion" is considered only to be puffery.

Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 160 (2d Cir. 2007).

Lastly, Plaintiffs' allegations that Defendants' advertisements omitted material facts about

other competitors' products and the New York bar passage rate are without merit. Defendants had no

business obligation to disclose to the public information about the products of competitors, or bar

passage rates. General Business Law § 349 "does not require businesses to ascertain consumers'

individual needs and guarantee that each consumer has all relevant information specific to its

situation." Oswego, 85 N.Y.2d at 26. The situation would be different if Defendants alone possessed

and withheld relevant material information, but that is not the case here. See id.; Amended

Complaint (Dkt. No. 1, Attach. 3) at ¶ 35 (describing products put out by Defendants' competitors:

"[T]here are other preparation courses for the Multistate and essay portions of the New York State bar

examination which are available to persons attempting to pass the New York State bar examination.

Most notable and popular is the 'PMBR' Multistate Bar Review Course.").

3. Injuries

Assuming *arguendo* that Plaintiffs satisfied the first two requirements under § 349, Plaintiffs'

claim still must be dismissed as a matter of law because they failed to plead actual injuries. Under

§ 349, proof of injury is essential. See Small v. Lorillard Tobacco Co., Inc., 252 A.D.2d 1, 7 (1st

Dep't 1998). Although there is "no requirement that an injured party show reasonable reliance" on

false statements to obtain relief, a plaintiff must still show that a defendant's "material deceptive act" *caused* the injury. Oswego, 85 N.Y.2d at 26 (emphasis added).

Nowhere in the Amended Complaint do Plaintiffs specifically show that they themselves were exposed to any alleged BAR/BRI misrepresentations. Plaintiffs referenced BAR/BRI's website statements, but failed to even plead that they read these statements, let alone that these statements led them to enroll in BAR/BRI. Plaintiffs have alleged a non-actionable hypothetical injury, rather than any actual injury. See id. (stating that "actual injury" is required, although "not necessarily pecuniary harm"). Even if deception could be shown, the deception itself does not qualify as actual injury. Small, 252 A.D.2d at 7. Thus, the essential causation element is missing.

Moreover, all three Plaintiffs actually *passed* the bar examination on their first try after enrolling with BAR/BRI. Motion to Dismiss (Dkt. No. 5, Attach. 7) at 6. The Complaint makes the blanket statement that "as a result of the Defendants' violations… the Plaintiffs…have uniformly suffered actual damages…[of] an amount equal to an overcharge of $1,00.00 each."[8] Amended Complaint (Dkt. No. 1, Attach. 3) at ¶ 42. Any potential injury from being "overcharged" by Defendant is insufficiently pleaded in that Plaintiffs never justify this amount or explain how they were overcharged. Accordingly, Plaintiffs cannot assert any injury related to the insufficiency of Defendants' services. In sum, the factual allegations pleaded by Plaintiffs are insufficient "to raise a right to relief above the speculative level" and the Motion to dismiss must be granted on this claim. Twombly, 127 S.Ct. at 1965.

---

[8] Plaintiffs claim an overcharge of $1,000.00 each for those who purchased only the full BAR/BRI New York bar review course, and an additional $1,000.00 each for those who purchased the full BAR/BRI review course as well as supplementary BAR/BRI course materials. Amended Complaint (Dkt. No. 1, Attach. 3) at ¶ 42.

**B. Plaintiffs Fail to State a Claim for Fraud**

In addition to failing to meet the requirements set forth in § 349, Plaintiffs have failed to make out a prima facie case of common law fraud.  Under New York law, to state a cause of action for fraud a plaintiff must allege "a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury."  Lerner v. Fleet Bank, N.A., 459 F.3d 273, 291 (2d Cir. 2006). Rule 9(b) of the Federal Rules of Civil Procedure sets forth a heightened pleading standard for allegations of fraud:  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . . [t]o comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  Id. As Plaintiff failed to overcome the less stringent FRCP Rule 8(a)(2) pleading requirements under § 349, they have likewise failed to satisfy this higher standard.

As discussed in detail earlier, the specific statements taken from the BAR/BRI website were not fraudulent as a matter of law.  Plaintiffs failed to make a showing that any statements were actually false or misleading, using an objective reasonable person standard.  Additionally, Plaintiffs failed to plead that they actually read the statements or reasonably relied upon them.  Lastly, Plaintiffs have not asserted any actual damages.  For the foregoing reasons, Plaintiffs' fraud claim must be dismissed.

## IV.    CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 5, Attach. 7) is **GRANTED**; and

it is further

**ORDERED**, that the Complaint (Dkt. No. 1, Attach. 3) is **DISMISSED IN ITS**

**ENTIRETY;** and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.


DATED:        December 03, 2007
                       Albany, New York




_____


                                    Lawrence E. Kahn
                                    U.S. District Judge